COOK *v.* STATE.

Opinion delivered May 27, 1905.

ACCOMPLICE—CORROBORATION.—A conviction upon the testimony of an accomplice will be sustained only when it is corroborated by other testimony of a substantial character which, of itself and independently of the statement of the accomplice, tends in some degree to connect the defendant with the commission of the crime.

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed.

*T. S. Osborne,* for appellant.

Corroboration as to the burglary was necessary. Kirby's Dig. § 2384; 36 Ark. 117; 58 Ark. 353; 43 Ark. 367. The verdict was against the evidence, and should be reversed. 68 Ark. 499; 1 Bish. Cr. Pro. § § 1273-1278.

*Robert L. Rogers, Attorney General,* for appellee.

McCULLOCH, J. At the March term, 1905, of the Sebastian Circuit Court, Fort Smith District, the grand jury returned an indictment against Bill Cook, the appellant, and Bud Woodruff, charging them with burglary and with grand larceny. The State took a severance, and appellant was tried upon the plea of not guilty, and convicted of both offenses. The punishment assessed for the former is one year in the penitentiary, and in the latter three years. His motion for a new trial having been overruled, he appealed to this court.

Counsel for appellant contends, among other grounds for reversal, that the testimony is insufficient to sustain the verdict, and the Attorney General concedes that position is well taken.

Appellant is charged, together with his codefendant, Bud Woodruff, with having committed the crimes of burglary and grand larceny in feloniously entering the depot building at Fort Smith of the Saint Louis & San Francisco Railroad Company and stealing a chewing gum slot machine of the value of $25 and contents, $10 in money, the property of said railroad company. Bud Woodruff testified that he and appellant took the slot machine out of the depot at night, and carried it a short distance away, and broke it open, finding four pennies in it, which they divided equally, taking two each. The only testimony tending in any degree to corroborate the statements of Woodruff was that of two other witnesses, who said that, shortly after the slot machine was said to have been taken, they saw appellant

with a handful of pennies in his possession. We do not think this was sufficient corroboration.

Where a conviction is sought upon the testimony of an accomplice, if there is any substantial testimony in corroboration of the accomplice, its weight is a question for the jury; but it must be of a substantial character—something that of itself, and independent of the statements of the accomplice, tends in some degree to connect the defendant with the commission of the crime. There is no testimony, aside from the statement of the accomplice, that the machine contained any pennies. We cannot assume, without proof, that it contained any, even if the purpose for which the machine was kept were explained in the evidence. Nor do the corroborating witnesses fix the time when they saw the defendant with the pennies.

Reversed and remanded for a new trial.