Appellant was indicted, tried and convicted in the circuit court of the Fort Smith District of Sebastian County for the crime of robbery, and adjudged to serve a term of fifteen years in the State penitentiary as a punishment therefor. An appeal has been duly prosecuted to this court from the judgment of conviction.
A number of alleged errors in the trial of the cause are assigned as grounds for a reversal of the judgment, one of which is sound. The chief prosecuting witness in the case was Stella West, who testified, in substance, that according to appointment she met appellant and Thomas Hill at the filling station at Moffitt, Oklahoma, a small town opposite Fort Smith on the west side of the Arkansas River; that both men had been drinking, Hill being under the influence of liquor; that they crossed the bridge and entered the city of Fort Smith, when Hill proposed that they go to a rooming house; that she refused for fear of being arrested, but agreed to ride out Cliff Drive, and when out a considerable distance, got out of the cab and went into the woods with Hill; that, talking a while, Hill called appellant, who had remained on the roadside after getting out of the cab, and dismissed the cabman; that appellant came to them, and after a few angry words had passed between them, appellant knocked Hill down and robbed him; that appellant took Hill's bill case containing the money out of Hill's hip pocket, and ran away with it. On cross-examination, appellant's attorney asked the witness *Page 288 
if she had not been charged in the municipal court with robbing Hill on that occasion, and placed under bond for her appearance before the grand jury to answer the charge. The court refused to allow the witness to answer the question upon the ground that she could not be impeached or her credibility impugned as a witness in any other way than by showing that her character was had, or that she had been convicted of a felony. Appellant entered an objection and properly saved an exception to the ruling of the court in this regard. The court should have permitted the question to be asked, and should have required the witness to answer it for the purpose of whether she had bias. While the general rule is that a witness cannot be discredited by interrogating him on cross-examination concerning a mere accusation or indictment for crime, the rule has no application if the inquiry is limited to an accusation or indictment for the particular crime for which the defendant was being tried. An affirmative answer would have tended to disclose bias, and for that reason the testimony was competent. Wray v. State, 167 Ark. 54.
The other assignments of error likely to arise on retrial of the cause consisted in the refusal of the court to give appellant's requested instructions Nos. 3, 5 and 9, and in giving on his own motion, instruction No. 7 relative to circumstantial evidence. Upon examination of the instructions, given and refused by the court we think appellant's requested instruction No. 3 was covered by instruction No. 1, his requested No. 5 by instruction No. 4 and his requested No. 9 by instruction No. 8. It is argued that instruction No. 7 relative to circumstantial evidence had no place in the case for the reason that there were no circumstances in the case upon which to base a finding of guilt. There was testimony tending to show that Hill had a number of bills in his bill case when he fell in with appellant, and that, after associating with him most of the day, the money had disappeared. The jury may have disbelieved the testimony of Stella West on *Page 289 
account of her easy way and of appellant, who denied robbing Hill, and may have inferred from the circumstances related that appellant got the money during his association with him. We think, therefore, that the instruction relative to circumstantial testimony was properly given.
The other assignments of error will not likely arise on the retrial of the cause; so we refrain from discussing them.
On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.