Boyd *v.* State.

4557                                        219 S. W. 2d 623

Opinion delivered April 18, 1949.

*R. D. Wynne* and *Robert Sparks*, for appellant.

*Ike Murry*, Attorney General and *Arnold Adams*, Assistant Attorney General, for appellee.

Holt, J. November 16, 1948, appellant, Emma Boyd, a Negro woman, was tried on an indictment charging her with the crime of receiving stolen goods. The jury failed to agree, a mistrial was declared, and thereafter on December 1st, she was again placed on trial, which resulted in her conviction and a prison term of eighteen months in the Penitentiary imposed.

From the judgment is this appeal.

For reversal, appellant presents in her motion for a new trial twenty-one assignments of alleged errors. While she argues but two of her assignments, this being a felony case, she waives none of her alleged errors by not arguing them here.

Briefly, the evidence shows that appellant operated a cafe and sold beer. Percy Alsup, a convict on parole, was employed by the Fordyce Country Club as caretaker, after having served a part of a ten-year term in the state penitentiary. Following his parole, he married appellant's cousin, Ozaree Grimes. It was undisputed that Percy stole some chairs, silverware and dishes, the property of the Country Club, of the value of approximately $75, some of which he sold to appellant. Alsup testified that appellant and his wife, Ozaree, were with him at the time of the theft, that appellant knew the property was stolen and aided and abetted him, that Ozaree asked him not to take the property and warned that he would get in trouble.

Aided by a search warrant, an officer went to appellant's cafe and when he informed her of his mission, she readily produced from under the counter some dishes and some pieces of silverware. She also produced four chairs, but denied knowing that any of the property had been stolen.

In these circumstances, all conceded that Percy was an accomplice, but whether Ozaree was also an accomplice was a question that should have been submitted to the jury.

Under our statute, Ark. Stat., (1947), § 43-2116, an accused may not be convicted on the uncorroborated testimony of an accomplice. The testimony of Ozaree, which tended to corroborate that of her husband, was material, and appellant was entitled to have the jury instructed substantially in the language of the statute, *supra*, had she so requested (*Miller* v. *State*, 155 Ark. 68, 243 S. W. 1063), and she was also, upon request, entitled to an instruction defining the term of "ac-

complice.'' See *Simon* v. *State,* 149 Ark. 609, 233 S. W. 917, for the definition.

In the present case, it is doubtful if there was any substantial evidence that tended to corroborate Percy and Ozaree, had the jury, under proper requested instructions, found that Ozaree was also an accomplice. She was a State witness and, in the circumstances, appellant was entitled to cross-examine her thoroughly, within reasonable bounds, on all material matters. The court denied appellant this privilege and in so doing, there was abuse of discretion.

Appellant's sixth assignment provides: ''The court erred in not permitting defendant to prove that Ozaree Alsup would testify to the jury that 'since she has been out of jail she has been in a very nervous condition' and said, 'Don't let the Sheriff and Percy Alsup get me.' Counsel for defendant stating, 'That is a circumstance I want to get before the jury and argue to the jury.' I would like to cross-examine her on whether or not the Sheriff possibly told her, 'Now you get in and help me send Emma Boyd to the penitentiary and you will not have to be tried,' defendant saving exceptions.''

In this connection, the record reflects: ''By the Court: Let the record show that E. B. Kimpel, Jr., represents the defendant, with the other counsel, and that he especially represents the witness, Ozaree Alsup, and that the Court has directed that either side may talk to any witness and Mr. Kimpel made his objections and exceptions at the time of the ruling. On the basis of this, Mr. Kimpel is excluded from the Sheriff's office during the questioning of his client, Ozaree Alsup, by the Prosecuting Attorney before the trial, over Mr. Kimpel's objections and exceptions. . . . Whereupon, the State presents the following witnesses before the Court and the jury.''

Among these witnesses, as noted, was Ozaree. She was at the time charged with the same offense, lodged against Percy, and was free on bond.

''By the Court: Let the record show that her testimony shows and clearly exonerates her of any part of

this crime and this statement is made outside of the hearing of the jury and the Court is convinced she had nothing to do with this crime and is not guilty of any part of this crime; that she merely told what happened- and over her protest the theft was committed; and that she had not testified to anything that would incriminate her at all whatsoever and her statement shall never be used in any prosecution in regard to this thing against her.

"Objection overruled over the objections and exceptions of the witness and defendant.

"Whereupon, at the request of counsel for defendant, the Court retires to Chambers and the following proceedings are had: By Mr. Sparks: Ozaree Alsup will testify that since she has been out of jail that she has been in a very nervous condition and made the statement: "Don't let the Sheriff and Percy get me.' That is a circumstance I want to get before the jury, argue to the jury, the circumstance that she was possibly—I would have liked to cross-examine her. The Sheriff probably told her, 'Now you get in and help me send Emma Boyd to the penitentiary and you will not have to be tried.'

"The Court refuses to permit counsel for defendant to cross-examine the witness, Ozaree Alsup, on this point, over the objections and exceptions of the defendant."

As indicated, we think the court erred in denying appellant the right to cross-examine Ozaree, in the manner requested.

Accordingly, the judgment is reversed and the cause remanded for a new trial.