Argued May 19, affirmed July 1, petition for rehearing denied July 27, petition for review denied September 21, 1971

## STATE OF OREGON, *Respondent, v.*
## JAMES LESLIE WILLIAMS, *Appellant.*

487 P2d 100

*Donald H. Coulter,* Grants Pass, argued the cause and filed the briefs for appellant.

*Robert M. Burrows,* District Attorney, Grants Pass, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by a jury of selling marihuana in violation of ORS 474.020.

On appeal defendant urges that the circuit court erred (1) in restricting defendant's cross-examination of an undercover informer; (2) in permitting the state to adduce evidence to establish the unavailability of eyewitnesses; and (3) in receiving and basing judgment and sentence upon a verdict which was not unanimous.

Defendant was alleged to have sold marihuana on August 7, 1969, to the informer, Paul Wood, in the presence of three other people. At trial, Wood was the sole witness produced by the state to testify to the events surrounding the sale.

In his defense, defendant produced 10 witnesses who testified that defendant was 12 miles from the scene of the alleged sale during that period of time, 12 noon till 5 p.m., when the sale allegedly occurred.

During the direct examination of Wood the following testimony was given:

"Q [DISTRICT ATTORNEY] Mr. Wood, for this two month period of time that you were in Josephine County were you compensated?
"A [MR. WOOD] Yes, I was.

"Q Was the method of compensation agreed upon prior to your commencing work in Josephine County?

"A Yes sir.

"Q Let me ask you this: Were you paid in any way upon the number of cases you investigated, or the number of arrests you made, or the number of convictions that resulted?

"A No.

"Q How were you paid?

"A The original stipulation was to be eight hundred dollars a month. I worked some period over two months and received a check for two thousand dollars from Josephine County.

"Q And that check was received prior to any testimony in court by you?

"A I believe I waited some time for the check. I don't recall whether I got it before any of the hearings or after. I don't recall the date.

"Q Was it material whether or not the case was—whether a case was—that was made resulted in a conviction or not?

"A No. No.

"* * * * *

"Q Have you seen it [i.e., alleged narcotic substance] since?

"A Yes, I have.

"Q When was that?

"A There was—during other court proceedings, and I don't recall the date.

"Q Would that be two separate court proceedings?

"A It's possible. There have been several other proceedings on this. I don't recall which times the evidence was brought out.

"* * * * *

"Q Did you have an occasion to testify in a prior proceeding involving that particular subject matter?

"A Yes sir.

"* * * * *

"Q Prior to testifying today, and prior to testifying in any other proceedings that might have been, did you refer to that report to refresh your recollection?

"* * * * *

"A Yes, I have."

On cross-examination of Wood, defendant's attorney asked the following questions:

"Q [DEFENSE COUNSEL] During the time, and you have testified in a number of trials, haven't you?

"A [MR. WOOD] Yes.

"Q Which has already been brought out by the prosecution, and some of those trials have resulted in not guilty verdicts.

"* * * [DISTRICT ATTORNEY]: Your Honor, this is completely improper.

"THE COURT: Objection sustained.

"* * * [DEFENSE COUNSEL]: Your Honor, the prosecution brought that up.

"THE COURT: The Court has ruled on the objection.

"* * * * * *"

Defendant argues that the court erred on two counts in terminating his cross-examination of Wood. First, the state had "opened the door" for cross-examination on the outcome of trials in which the informer, Wood, had testified when it tried to establish, on direct examination, that payment for Wood's services by the state did not depend on the outcome of the trials in which he testified.

Second, defendant argues that evidence concerning the outcome of the trials in which Wood testified would bear on the witness's credibility, and cross-examination should have been allowed on this subject under the general rule of evidence which allows impeachment of the credibility of a witness. Defendant emphasized the importance of impeachment evidence because the state's case would stand or fall on the credibility which the jury attached to the state's only witness.

Defendant contends that ORS 41.880,[1] ORS 44.370[2] and ORS 45.570[3] authorize the admission of the evidence defendant sought to have introduced.

Defendant in a criminal action particularly is entitled to great latitude in cross-examination. However, the trial judge properly prohibited inquiry into the outcome of previous trials in which the undercover informer had testified because evidence of the same

---

[1] ORS 41.880 provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole, on the same subject, may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood may also be given in evidence."

[2] ORS 44.370 provides:

"A witness is presumed to speak the truth. This presumption, however, may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character or motives, or by contradictory evidence. Where the trial is by the jury, they are the exclusive judges of his credibility."

[3] ORS 45.570 provides:

"The adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith, and in so doing may put leading questions; but if he examines him as to other matters, the examination is subject to the same rules as a direct examination."

would be incompetent. Acquittal or conviction in those cases might have been the result of many factors collateral to the question of the guilt or innocence of this defendant or of the credibility of the informer. See *People v. Creegan and Becker,* 121 Cal 554, 53 P 1082 (1898).

Defendant's second assignment of error also lacks merit. On direct examination of a witness, the district attorney was permitted to elicit answers which were introduced to explain why the other eyewitnesses, which the state claimed had been present at the illegal sale, had not been produced in court. This line of questioning was permissible because defendant's counsel earlier on cross-examination of Wood had asked where these witnesses were. This line of questioning suggested that the state had some reason for not offering testimony from these alleged witnesses and it was perfectly proper for the state to rebut this suggestion.

Defendant's final assignment of error has been decided against him by *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.