TOMMY LEE WILBURN *v.* STATE OF ARKANSAS

5781                                              487 S.W. 2d 600

Opinion delivered December 11, 1972

*Lloyd R. Haynes,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Tommy Lee Wilburn was convicted of robbery by a jury in the Pulaski County Circuit Court and was sentenced to prison for a term of 12 years as a third offender under Ark. Stat. Ann. § 43-2328 (Supp. 1971), and under the procedure as outlined in Ark. Stat. Ann. § 43-2330.1 (Supp. 1971). The pertinent portions of these two sections as they relate to the case at bar, appear as follows:

"Any person convicted of an offense, which is punishable by imprisonment in the penitentiary, who shall subsequently be convicted of another such offense, shall be punished as follows:

(1) If the second offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one (1) year more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for this offense, unless the maximum sentence is less than the minimum sentence plus one (1) year, in which case the longer term shall govern.

(2) If the third offense is such that, upon a first conviction, the offender could be punished by imprisonment for a term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than three (3) years more than the minimum sentence provided by law for a first conviction of the offense for which the defendant is being tried, and not more than the maximum sentence provided by law for the offense, unless the maximum sentence is less than the minimum sentence plus three (3) years, in which case the longer term shall govern. * * *

The following trial procedure shall be adhered to in cases involving habitual criminals:

(1) The jury shall first hear all of the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict, as to this charge, based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense.

(2) If the defendant is found guilty, the same jury shall sit again and hear evidence of defendant's prior conviction(s). Provided, that the defendant shall have the right to deny the existence of any prior conviction(s), and to offer evidence in support thereof.

(3) The jury shall again retire, and if it is found that the prior conviction(s) exists, or if the defendant admits such previous conviction(s), then the prior conviction(s) shall be considered in fixing the punishment for the current offense for which the defendant has been convicted in accordance with Section 1 [§ 43-2328] hereof."

On his appeal to this court Wilburn has designated the point on which he relies for reversal as follows:

"The court erred in allowing the state to introduce and read into evidence a certified record of a prior conviction, which failed to show either that appellant was represented by counsel or that he had waived counsel."

We conclude that Wilburn is correct in his contention on this point.

As above indicated, Wilburn was being tried for the crime of robbery which, upon conviction, carries a statutory penalty of imprisonment in the penitentiary for not less than three nor more than 21 years. Ark. Stat. Ann. § 41-3602 (Repl. 1964). The record in this case reveals that after the jury had found Wilburn guilty of robbery, the jury then heard evidence of the defendant's prior convictions as provided in § 43-2330.1, *supra*, and as charged in the information filed against him. The state offered proof of two prior felony convictions, one of which was not questioned at the trial or questioned on this appeal.

As to the evidence of conviction that was questioned at the trial and is questioned on this appeal, a certified

criminal court docket entry for Phillips County was offered and accepted in evidence over the objections of Wilburn. This docket entry recites as follows:

> "This cause coming on to be heard, comes the State of Arkansas by its Prosecuting Attorney and the defendant in person and being informed of the nature of the charge in the information and penalty of conviction hereof for plea herein says he is guilty of burglary and robbery.
>
> It is therefore considered, ordered and adjudged that defendant is guilty of burglary and robbery and the Court does sentence him to eighteen years on burglary and eighteen years on robbery, sentences to run consecutive."

It will be noted that nowhere in this docket entry of judgment is it recited that Wilburn was represented by counsel or that he had waived counsel, but on the contrary the record *indicates* that no defense counsel was present. The docket entry does indicate that the court officials were present; that the state appeared by its prosecuting attorney and the defendant appeared in person. Wilburn's objections to the introduction of this evidence appears as follows:

> "We object to this on the grounds that there is nothing in here reflecting that the defendant, on this date, was represented by counsel, or had waived counsel. The record affirmatively states the presence of several individuals but it is completely silent as to any attorney whatsoever other than the Prosecuting Attorney. . . ."

The state's attorney general concedes with commendable candor that his careful research of the point indicates that Wilburn's assignment has merit under the decisions of *Burgett* v. *Texas,* 389 U.S. 109, 19 L.Ed. 2d 319, 88 S. Ct. 258; *United States* v. *Tucker,* 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589; *Loper* v. *Beto,* 405 U.S. 473, 31 L.Ed. 2d 374, 92 S.Ct. 1014; *Goodwin* v. *Smith,*

439 F. 2d 1180 (5th cir., 1971); *United States* v. *Lufman*, 457 F. 2d 165 (7th cir., 1972); *Craig* v. *Beto*, 458 F. 2d 1131 (5th cir., 1972); *Tiffey* v. *State*, 476 P. 2d 84 (Okla. Cr., 1970); *State* v. *Kennedy*, 483 P. 2d 548 (Ari., 1971); *White* v. *State*, 274 A. 2d 671 (Md., 1971); *Donahay* v. *State*, 255 So. 2d 598 (Ala. 1971).

The appellant does rely heavily on *Burgett* v. *Texas*, *supra*, and argues that his conviction should be reversed. We agree with the state, however, that *Burgett* is distinguishable from the case at bar in that the questioned evidence of the prior conviction in *Burgett* was admitted prior to determination of the defendant's guilt by the jury on the crime for which he was being tried. We also agree with the state that the error involved does not call for a new trial in the case at bar because this court has the power to modify the judgment of a trial court, Ark. Stat. Ann. § 27-2144 (Repl. 1962), and to reduce the penalty in criminal cases to that penalty which is appropriate for the crime involved. *Blake* v. *State*, 186 Ark. 77, 52 S. W. 2d 644, see also *Clark* v. *State*, 246 Ark. 876, 440 S. W. 2d 205.

The practical effect of § 43-2328, *supra*, is simply to add one year in prison to the minimum punishment for a second offense and to add three years in prison to the minimum punishment for a third offense. In the case at bar, Wilburn could have been sentenced to the state penitentiary for a determinate term of anywhere from three to 21 years for the crime of robbery upon a first conviction. He was, however, sentenced to a term of 12 years, which amounted to six years more than the minimum for a third conviction and eight years more than the minimum for a second conviction. As pointed out in the trial court's instructions, the minimum time for which Wilburn could have been sentenced for robbery on a third felony conviction, would have been six years; but, the evidence offered as to one of the three convictions in this case was not sufficient proof of a third conviction for the purpose of increasing the minimum punishment for the crime of robbery for which Wilburn was being tried.

In *Burgett, supra,* the Texas State Appellate Court upheld the conviction of an accused, holding that there had been no error in reading to the jury an indictment containing a prior conviction in Tennessee since the trial court instructed the jury to disregard the prior offenses and because the petitioner had not received the enhanced punishment prescribed by the recidivist statutes. There were two versions of the Tennessee conviction, one recited that the defendant appeared "without counsel," and the other simply recited that he appeared "in proper person." The United States Supreme Court granted certiorari and in reversing the judgment of the state court, said:

". . . *Gideon* v. *Wainwright* established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See *Doughty* v. *Maxwell,* 376 U.S. 202; *Pickelsimer* v. *Wainwright,* 375 U.S. 2. In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. *Carnley* v. *Cochran,* 369 U.S. 506. To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt or enhance punishment for another offense (see *Greer* v. *Beto,* 384 U.S. 269) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon* v. *Wainwright* is inherently prejudicial and we are unable to say that the instructions to dis-

regard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman* v. *California,* 386 U.S. 18."

From the record before us, we are unable to determine what effect, if any, the jury gave to the evidence pertaining to three convictions in this case. The 12 year sentence was less than the maximum for a first conviction but greater than the minimum for a third conviction. Only a second conviction was established by competent evidence and the minimum penalty upon a second conviction would have been imprisonment for a period of four years. We are of the opinion, therefore, that the state should have the option of retrying this case upon reversal for the error indicated, or accepting the minimum penalty of four years upon affirmance of the judgment as a second conviction. Consequently, the judgment will be reversed and the cause remanded for a new trial, unless the attorney general within 17 days elects to accept a modification of the punishment so as to sentence Wilburn to the minimum time of three years plus one additional year as penalty for the second offense, or a total of four years in the state penitentiary.