Donnie JONES *v.* STATE of Arkansas

CR 73-46                          496 S.W. 2d 423

Opinion delivered July 2, 1973

*Wayland A. Parker* and *Donald Goodner,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

LYLE BROWN, Justice. Donnie Jones appeals from a conviction for grand larceny for which he received a sentence of five years with four of those years suspended. He attacks the sufficiency of the evidence and asserts the lack of corroboration of the testimony of the accomplice.

On the night of January 8, 1972 thirteen rolls of barbed wire were taken from the premises of a hardware store in Waldron. Witness Winford Oliver who lives near the hardware store and in view of the stacked wire heard his dog barking and went to the kitchen window. He saw two men in a green truck rolling wire onto the truck. He was able to identify the accomplice, James Leon Moore, but not the other party. Witness Hershel Sims testified as to the loss of wire from his store and estimated its value at $165. Witness Donnie Rogers, a city policeman on patrol, testified that on the same night he observed James Leon Moore and appellant in a green

truck parked beside the hardware store. Later in the night and after the theft had been reported, the officer again saw the same boys in the truck and later arrested them. It was the theory of the State that by the time of the arrests the wire had been stashed a short distance from town. James Leon Moore testified for the State. He admitted his participation in the theft and implicated appellant. The defense produced no evidence.

Under the point alleging insubstantiality of the evidence appellant argues that the wire recovered was not introduced in evidence. In the first place the accomplice said they took some thirteen or fourteen rolls of wire from the hardware store; that it was secreted a short distance from Waldron; and that he took the officer to the hiding place and the wire was recovered. The owner of the hardware store testified as to the quantity of wire taken and to its value. At the trial the wire was in a pickup truck located just outside the courthouse. As to the introduction of the wire the prosecutor made this statement: "We've got this barb wire down here in a pickup truck; I don't know—I'd hate to take it all the way up these stairs. It's pretty heavy. I wonder if we could just—we can't introduce it and let them [the jury] look out the window, can we?" After considerable colloquy, counsel for appellant said he was not disputing that the hardware merchant lost some merchandise and that the attorney would agree that the testimony of the merchant was correct. That concession ended the argument and the wire was not introduced. Counsel for appellant impliedly waived the introduction of the wire. That waiver was of no prejudice to his client because there was sufficient other evidence to connect the recovered wire with the theft in issue. Finally, it was not necessary to a conviction that the fruits of the crime be introduced.

We think it is readily discernible from the evidence we have recited, concededly stated in the light most favorable to the State, that the evidence was substantial and that the accomplice was sufficiently corroborated. Before the theft the two young men were seen in the truck parked beside the hardware store; thereafter, two men were seen loading the wire in a truck of the same description; and after the theft, Moore and appellant were again seen in a truck of the same description.

It is true the corroborating evidence is circumstantial, but that fact does not defeat its effectiveness. "While the corroborating evidence must do more than raise a suspicion of the defendant's guilt, it need not be direct, but may be circumstantial, so long as it is substantial, and tends to connect the defendant with the commission of the offense." *King* v. *State,* 254 Ark. 509, 494 S.W. 2d 476.

Affirmed.