Billy Ray COX, Appellant,

v.

Terrell Don HUTTO, etc., Appellee.

No. 78–1482.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1978.

Decided Jan. 16, 1979.

Bill D. Etter of Brown & Etter, Little Rock, Ark., for appellant.

Ray E. Hartenstein, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Bill Clinton, Atty. Gen. and Ray E. Hartenstein, Asst. Atty. Gen., Little Rock, Ark., on brief.

On Petition for Rehearing

Before LAY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

The prior opinion in this case, filed November 3, 1978, is hereby withdrawn, and the following is substituted.

In 1973, Billy Ray Cox was convicted by a jury in an Arkansas state court of burglary and was sentenced to two years' imprisonment. In addition, the court sentenced Cox to thirty-one and one-half years' imprisonment under the Arkansas habitual criminal statute, Ark.Stat.Ann. § 43–2328(3) (1977). In this habeas corpus petition, Cox challenges both the conviction and the habitual criminal sentence. The district court denied his petition.[1] We reverse and remand for further proceedings.

In challenging his burglary conviction, Cox argues that the trial court violated his constitutional rights by refusing to grant a continuance and by failing to advise him of his right to appeal. In addition, he contends he had ineffective assistance of counsel. The district court rejected these arguments, and we agree with the district court's conclusion on these issues.

■ Cox challenges the habitual offender sentence on two grounds. First, he argues that the trial court denied him due process by failing to follow the procedures set forth in the Arkansas habitual criminal statute and case law interpreting that statute. Whether a state court complied with state law in its criminal proceedings is purely a matter of local concern and is not reviewable by a federal court under the due process clause. *Buchalter v. New York,* 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943); *Wolfe v. Nash,* 313 F.2d 393, 400 (8th Cir. 1963). Cox's challenge to the procedures followed by the trial court therefore raises no constitutional question for us to review.

■ Second, Cox argues that the trial court, by accepting a stipulation made by Cox's counsel without inquiring whether Cox concurred in the stipulation, violated his rights to due process and equal protection.

After the jury returned a verdict of guilty on the burglary charge, the trial court, following the procedures set forth in Ark.Stat.Ann. § 43–2330.1 (1977), told the jury that they would then hear evidence on the habitual offender charge. Under Arkansas law, the State bears the burden of proving prior convictions of the defendant, *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887 (1975), and the defendant has a right to deny the existence of any prior convictions and to offer evidence in support of the denial, Ark.Stat.Ann. § 43–2330.1(2). In the present case, Cox's counsel stipulated to four prior convictions: two counts of cattle theft in 1962, and two counts of burglary and grand larceny in 1970. Thus, the State did not have to offer any evidence of Cox's prior convictions. After instructions by the court, the jury found that Cox had been convicted of four prior offenses and fixed his punishment at thirty-one and one-half years.

At a later hearing, Cox testified that he did not know his counsel would make a stipulation and that he did not consent to it.

The Ninth Circuit dealt with a similar case in *Wright v. Craven,* 461 F.2d 1109 (9th Cir. 1972), *affirming* 325 F.Supp. 1253 (N.D. Cal.1971). The defendant in that case admitted several prior convictions without being informed that the prior convictions could be used to enhance his sentence. The court held that the admission was the

---

1. The district court, however, granted Cox's request for credit against his sentence for his pretrial incarceration from March 29, 1973, until July 17, 1973. That ruling is not at issue on this appeal.

"functional equivalent" of a guilty plea and could not be accepted "unless the defendant understands the consequences of the admission." 461 F.2d at 1109.

We adopt the reasoning and conclusion of *Wright v. Craven* as it applies to the circumstances of the present case. The stipulation by Cox's counsel, like the admission in *Wright,* amounted to a waiver of Cox's right to have the State prove the prior offenses and of his right to rebut the State's evidence. As with a plea of guilty, "nothing remains but to give judgment and determine the punishment." *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Thus, the stipulation was the functional equivalent of a guilty plea, and the state trial court was required to question Cox to determine whether he knowingly and voluntarily agreed to the stipulation. *Id.* at 244, 89 S.Ct. 1709.[2] The admission into evidence of the stipulation, without inquiry into Cox's knowledge and consent, amounted to constitutional error.

The State had the burden of establishing the number and validity of Cox's prior convictions for purposes of sentencing under the Arkansas Habitual Criminal Act. *McConahay v. State, supra.* The constitutionally defective stipulation by Cox's counsel was the only evidence of those convictions at the state court trial. The error in receiving that stipulation was presumptively prejudicial unless the State can show that, absent the stipulation, it possessed at the time of trial evidence establishing at least the three prior convictions necessary to support Cox's sentence.[3]

■ Attached to the record of the state court postconviction proceedings are certified docket entries relating to the following prior felony convictions of Cox:

1) Convictions in Arkansas state court, on October 3, 1962, following pleas of guilty to two counts of stealing cattle;

2) Arkansas convictions on July 11, 1966, following pleas of guilty to two counts of burglary; and

3) Arkansas convictions on February 19, 1970, following a jury trial, of burglary and grand larceny.

We assume that the state prosecutor could have introduced these docket sheets in evidence at the trial, absent the stipulation by defendant's counsel. However, the Arkansas Supreme Court has held that a docket sheet may not be used to establish a prior conviction for purposes of sentencing under the habitual criminal statute. *Reeves v. State,* 258 Ark. 788, 528 S.W.2d 924, 928 (1975). Moreover, the evidence of a defendant's prior convictions for purposes of applying the Arkansas habitual criminal statute must establish that the defendant either received assistance from an attorney or validly waived counsel at the time of each prior conviction. *See Klimas v. State,* 259 Ark. 301, 534 S.W.2d 202, 204, *cert. denied,*

---

2. Fed.R.Crim.P. 11 does not apply to state court proceedings. Nevertheless, the stipulation to prior convictions by a defendant subject to a habitual criminal statute, such as that in Arkansas, produces as drastic an effect as any guilty plea. The trial court is required at least to question a defendant to determine whether the consequences of the admissions are understood and whether he consented to them. *See United States v. Terrack,* 515 F.2d 558 (9th Cir. 1975).

3. The trial court sentenced Cox under Ark.Stat. Ann. § 43–2328(3), which provides that a person convicted of a fourth or subsequent offense punishable by imprisonment in the penitentiary

shall be sentenced to imprisonment for the fourth or subsequent offense for a determinate term not less than the maximum sentence * * * for a first conviction of the offense for which the defendant is being

tried, and not more than one and one half (1½) times [that] maximum sentence * *; provided, that [the sentence for the fourth or subsequent offense shall not be less than five years.]

Ark.Stat.Ann. §§ 43–2328(1) and (2) provide for lesser determinate sentences upon a person's second or third conviction for an offense punishable by penitentiary imprisonment. Thus, the length of Cox's sentence depended upon the number of his prior convictions proven at trial, as well as the sentence prescribed for the crime charged.

As the burglary offense for which Cox stands convicted in this case carries a maximum first-offense sentence of 21 years, the prosecution had to prove at least three prior convictions of Cox to support his 31½ year sentence under subsection 3 of the habitual criminal statute.

429 U.S. 846, 97 S.Ct. 128, 50 L.Ed.2d 117 (1976); *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887, 888 (1974); *Wilburn v. State,* 253 Ark. 608, 487 S.W.2d 600, 602 (1972). Only the docket entry for Cox's 1966 conviction, which notes that he waived counsel, unambiguously performs that function here.[4] Thus, the docket entries, standing alone, do not constitute sufficient evidence of Cox's prior convictions and, therefore, fail to overcome the presumption of prejudice from the erroneous admission of his counsel's stipulation.

Because of the stipulation by Cox's counsel, however, the State did not introduce at trial evidence of Cox's prior convictions. At the habeas proceeding, the State made no showing of its possession of proper evidence of Cox's convictions, because the district court inappropriately placed the burden upon Cox of establishing prejudice emanating from this constitutional violation.

Accordingly, we remand this case to the district court for a redetermination of whether Cox sustained any prejudice from the defective stipulation of prior convictions.

If the State fails to establish that it possessed evidence in proper form of at least three prior felony convictions of Cox, the district court should issue a writ of habeas corpus ordering Cox's release from the sentence imposed unless the State of Arkansas decides either to retry Cox or to resentence him to the two-year term assessed by the jury for the burglary offense, which sentence shall be increased by the minimum penalty for whatever prior convictions are validly established in accordance with the Arkansas habitual criminal statute. *Cf. Klimas v. State, supra,* 534 S.W.2d at 207; *McConahay v. State, supra,* 516 S.W.2d at 889 (reducing sentence to minimum for present conviction, plus three years for two unquestioned previous convictions; in the alternative, a new trial); *Wilburn v. State, supra,* 487 S.W.2d at 603.

Reversed and remanded for further proceedings consistent with this opinion.

4. The docket entries for Cox's 1962 and 1970 convictions note appearances by various counsel but fail to unambiguously indicate whether those attorneys represented Cox or one or more of his codefendants in those cases.