Francis Edward KLIMAS *v.* STATE
of Arkansas

CR 75-187                                    609 S.W. 2d 46
Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Thurman Ragar, Jr.*, for petitioner.

No brief for respondent.

JOHN A. FOGLEMAN, Chief Justice. This matter reaches us upon a petition for post-conviction relief by Francis Edward Klimas, who was found guilty of burglary of the Dixie Wood Preserving Company's building near Pine Bluff and of grand larceny of property therein. On his direct appeal, we found reversible error in the enhancement of his sentence under our Habitual Criminal Act [Ark. Stat. Ann. §§ 43-2328-30 (Repl. 1974)]. The error was in the admission into evidence of seven felony convictions in the form of certified copies of the records of the Department of Correction of Missouri State Penitentiary, which complied with the requirements of Ark. Stat. Ann. § 43-2330, but none showed that Klimas had the assistance of counsel at the times of the convictions and the state introduced no evidence that Klimas actually had the assistance of counsel at the time of any of the

Missouri convictions. We reversed the judgment unless the state agreed to accept a reduction of the sentence to three years, the minimum for the charges on which Klimas was tried. *Klimas* v. *State*, 259 Ark. 301, 534 S.W. 2d 202, cert. den. 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed. 2d 117 (1976). The state filed a petition for rehearing, correctly pointing out that we had overlooked the fact that evidence of six prior Arkansas felony convictions had been admitted without challenge, in addition to the Missouri convictions. We then gave the state the option of a new trial or a reduction to a sentence of 42 years. The state accepted the 42 year sentence. Klimas petitioned the United States Supreme Court for review of our decision on certiorari, but the writ was denied. 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed. 2d 117 (1976).

Thereafter Klimas sought a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas under 28 USC § 2254. The denial of that petition by the district court was reversed by the Eighth Circuit Court of Appeals. *Klimas* v. *Mabry*, 599 F. 2d 842 (8 Cir., 1979). Even though Klimas had not petitioned this court for post-conviction relief under Rule 37, Arkansas Rules of Criminal Procedure, vol. 4A, Ark. Stat. Ann. (Repl. 1977), the state, for some reason, conceded in that proceeding that Klimas had exhausted his state remedies. The Court of Appeals for the Eighth Circuit vacated the order of the district court dismissing the petition for habeas corpus and remanded the case with directions to hold the petition in abeyance in order to afford the State of Arkansas the opportunity to resentence Klimas by jury in accordance with Arkansas law. Rehearing and rehearing en banc were denied. Chief Judge Gibson and Circuit Judges Henley and Ross dissented, taking the view that the State of Arkansas should be given the option of having petitioner sentenced to imprisonment for not more than 21 years or giving him a new trial on all issues. On certiorari, the United States Supreme Court on June 30, 1980, reversed the judgment of the Court of Appeals and remanded the case to that court for proceedings consistent with the opinion rendered by the Supreme Court. *Mabry* v. *Klimas*, ____ U.S. ____ 100 S.Ct. 2755, 65 L.Ed. 2d 897 (1980). The remand was based upon the fact that the Arkansas courts should be given an opportunity to pass upon and decide whether Klimas was

entitled to be resentenced by reason of the amendment of our recidivist statutes resulting from the adoption of the Arkansas Criminal Code which became effective on January 1, 1976, well after Klimas was sentenced by the trial court, but before our modification of the sentence on appeal, for which we applied the law which was in force at the time of the trial and gave no regard to the law as set out in the new Criminal Code.

Although we do not know what action has been taken in the Court of Appeals for the Eighth Circuit or the District Court for the Eastern District of Arkansas, Klimas has filed his petition for permission to apply to the Circuit Court of Jefferson County, in which he was tried, for post-conviction relief under Rule 37, Arkansas Rules of Criminal Procedure, on the basis of the per curiam opinion of the United States Supreme Court.

It seems to us that the Criminal Code itself contains the answer to the question presented. It provides that an offense committed prior to the effective date of the code shall be punished in accordance with the law existing at the time of the commission of the offense. Ark. Stat. Ann. § 41-102 (3) (Repl. 1977); *Campbell* v. *State*, 265 Ark. 77 , 576 S.W. 2d 938 (1979). It is equally clear that, in Arkansas, the habitual criminal statutes make prior convictions the basis for increasing the punishment for the offense on trial. *Finch* v. *State*, 262 Ark. 313, 556 S.W. 2d 434; *Osborne* v. *State*, 237 Ark. 5, 371 S.W. 2d 518. In view of the clear answer to the question of law presented, there is no need to authorize proceedings in the trial court. *See Hulsey* v. *State*, 268 Ark. 312, 595 S.W. 2d 934.

The practice followed by us in considering the direct appeal of Klimas was followed by us in *McConahay* v. *State*, 257 Ark. 328, 516 S.W. 2d 887 and *Wilburn* v. *State*, 253 Ark. 608, 487 S.W. 2d 600 and seems to have been approved by the Court of Appeals for the Eighth Circuit in *Cox* v. *Hutto*, 589 F. 2d 394 (8 Cir., 1979). It seems to us that it has been recognized, at least by implication, by the United States courts that imposition of the lightest sentence possible, giving consideration to unchallenged convictions, is not a denial of due

process of law, as we read the majority opinion in the decision of the Court of Appeals for the Eighth Circuit and the opinion of the United States Supreme Court. Klimas has never challenged the six Arkansas felony convictions introduced in evidence. Under the law in force at the time of his conviction the minimum punishment under the recidivist statutes for burglary would have been imprisonment for 21 years and the minimum punishment for the charge of larceny on which he was tried was also 21 years. As pointed out in the dissenting statement of Circuit Judge Henley, in which Chief Judge Gibson and Circuit Judge Ross joined, the circuit judge could have made the sentences for the two offenses run concurrently. Ark. Stat. Ann. § 43-2312 (Repl. 1977).[1] In order to make certain that Klimas has not suffered any prejudice by the previous action of this court, his sentence is reduced to 21 years.

PURTLE, J., not participating.

---

[1] This statute was in effect when Klimas committed the offese and remains the law today.