Kenneth Lee HOLT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–534.

Court of Criminal Appeals of Oklahoma.

May 14, 1981.

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was found guilty by a jury of Burglary in the Second Degree, After Former Conviction of a Felony, and received a sentence of fifteen (15) years in Oklahoma County District Court Case No. CRF–78–5325. On appeal, he urges five propositions of error in support of reversal. We affirm.

■ He first argues that the State's evidence in chief cannot sustain the conviction. After answering an alarm at the Joe Esco Tire Company, the police discovered the appellant in an inner-office squatted down in a corner. A search of the building revealed a broken window, and burglary tools were found near a soda pop machine. We hold that there was sufficient evidence offered by the State to show the requisite criminal intent, and, thus, our earlier holding in *Grimes v. State*, 377 P.2d 847 (Okl.Cr.1963) is dispositive of this issue. See also *Hardy v. State*, 562 P.2d 943 (Okl.Cr.1977).

■ Next complained of are the two remarks by the prosecutor in closing arguments alluding that the State's case was unrefuted and uncontradicted. The appellant argues that this is tantamount to making reference to the appellant's failure to testify in violation of *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We first note that no objection was made to either remark, and under *Crow v. State*, 551 P.2d 279 (Okl.Cr.1976), unless the errors are of fundamental magnitude, they are deemed waived. We have carefully examined the entire closing argument, and we are of the opinion that even had timely objection been made by the trial counsel, the statement did not violate a substantial right of the appellant.

■ In the third assignment of error, the appellant argues that the district court improperly permitted the defense counsel to stipulate to an alleged prior conviction without the appellant's personal consent. The appellant urges that this Court follow the holding in *Cox v. Hutto*, 589 F.2d 394 (8th Cir. 1979), which held that a stipulation of prior convictions by defendant's counsel without defendant's consent or knowledge was a deprivation of defendants due process rights. However, the court in *Cox* went further and stated that if the prosecution could show that, absent the stipulation, it could independently establish proper proof of the prior conviction at trial, that such a showing by the prosecutor would cure the constitutionally defective stipulation. In the present case, the prosecutor introduced a certified copy of the judgment and sentence of the appellant's previous conviction, which distinguishes this case from *Cox*, thus curing any alleged error.

■ Presented as the penultimate assignment of error is whether the appellants' punishment was enhanced by a prior conviction under a statute enacted with a constitutionally defective title. The proper procedure to test the validity of a prior conviction is by direct appeal within six months of the rendition of the judgment and sentence. The appellant's former conviction was in 1975, and since the appeal from the prior conviction was not perfected within six months from the judgment and sentence, the conviction could properly be used to enhance punishment in a subsequent prosecution. See *Bowen v. State*, 586 P.2d 67 (Okl.Cr.1978). The appellant's only recourse to challenge that conviction is by application for post-conviction relief. See *Green v. State*, 594 P.2d 767 (Okl.Cr.1979).

■ Final consideration is directed to allegedly prejudicial conduct during the prosecutor's argument in the second stage of the proceeding. It is a familiar rule of this Court that both counsel for the State and the defendant have the right to discuss fully from their standpoint the evidence, and any inference or deductions arising from it. *Mills v. State*, 594 P.2d 374 (Okl. Cr.1979); *Parker v. State*, 556 P.2d 1298 (Okl.Cr.1976). After a careful reading of the prosecutor's argument in the second

stage, we are of the opinion that the prosecutor's statements could have been logically inferred from the evidence, and, therefore, were not prejudicial.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.