Robert E. CHAVEZ, Plaintiff-Appellant,

v.

Felix RODRIGUEZ, Warden, New Mexico State Penitentiary, Defendant-Appellee.

No. 76–1016.

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 4, 1976.

Decided Aug. 26, 1976.

David E. Booth, Asst. Federal Public Defender, Albuquerque, N.M., for plaintiff-appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, N.M., for defendant-appellee.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Chavez is appealing denial of habeas corpus relief by the United States District Court for the District of New Mexico. We affirm.

Appellant Chavez is an inmate at the New Mexico State Penitentiary as a result of his 1974 conviction for possession of heroin. Sentence imposed March 21, 1974 was to not less than one nor more than five years imprisonment. Judgment and sentence were affirmed on direct appeal. *State v. Chavez,* 87 N.M. 180, 531 P.2d 603 (1975). The instant proceedings were initiated August 25, 1975 when Chavez filed his habeas corpus petition alleging but one ground for relief which related to the constitutionality of the search which uncovered the heroin for which Chavez stands convicted.

Police officers investigating a shop lifting incident had been furnished the description and license plate number of the car driven by the alleged shop lifter. Ownership of this car was traced to a Mr. Brooks. The officers proceeded to Brooks' place of business where they found both the automobile and Brooks. Upon being informed of the purpose for the police officers' presence, Brooks responded that he had loaned the car to Mr. Chavez, the appellant here, who was upstairs in a room furnished to him by Brooks. The two officers and Brooks proceeded to Chavez' room where Brooks knocked at the door and asked whether Chavez was in the room. Chavez responded with "Yes. Come on in," or something similar. Brooks and the two officers then entered the room where the officers observed heroin paraphernalia and suspicious activity on the part of Chavez. The officers also observed a bulge, the approximate size and shape of a pocket knife, in Chavez' pants pocket. They then frisked Chavez, extracted the "bulge" from Chavez' pocket, and determined it to be heroin. Chavez was then arrested. This search is the subject of these proceedings.

Prior to trial, counsel for Chavez filed a motion to suppress admission of the heroin into evidence on the ground that it resulted from an illegal search. A hearing was conducted, after which the motion was denied. The suppression motion was renewed numerous times throughout the trial. The legality of this search and seizure was the sole issue discussed by the New Mexico Court of Appeals in Chavez' direct appeal. *State v. Chavez, supra.*

As stated, Chavez is continuing his attack on the search and seizure in the instant habeas corpus proceedings. The district court based denial of habeas corpus relief, as did the state courts, on the fact that Chavez had given permission for entry into the room. In bringing the instant appeal Chavez raises two issues: 1) the search and seizure violated his constitutional rights; and 2) the district court erred in denying the § 2254 petition without a hearing.

This appeal need not be decided on its merits. The United States Supreme Court, on July 6, 1976, decided *W. T. Stone, Warden v. Lloyd Charles Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d —— (1976) holding that ". . . where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Id.* at 3052. The court went on to state that ". . . a federal court need not apply the exclusionary rule on habeas review of a

Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id.* at 3052, note 37. Because Chavez alleges in these proceedings that his conviction was based upon evidence which resulted from an illegal search and seizure, we must determine whether *Stone v. Powell* is applicable and, if so, whether Chavez was afforded an opportunity for full and fair litigation of his claim.

■ Traditional notions of retroactivity appear inapplicable to the situation now confronting us. *See, Michigan v. Payne,* 412 U.S. 47, 51, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). Nevertheless, in our opinion, it is clear that *Stone* is applicable to the instant habeas corpus proceedings. Nowhere in its opinion does the Supreme Court limit *Stone* to prospective application only. Had the district court granted habeas corpus relief in this case, we would be compelled by *Stone* to reverse the district court's decision. *Stone* would thus have obvious application to this case if it involved grant of habeas corpus relief. That being the case, the converse is necessarily true and *Stone* applies to this case even though it involves denial of habeas relief.

■ This leaves only the determination of whether the state of New Mexico provid-ed Chavez an opportunity for full and fair litigation of his Fourth Amendment claim. As already discussed, Chavez filed a pre-trial motion to suppress which the state court denied after conducting a hearing. We have reviewed the state court transcript and find that this hearing was full and adequate. The state Court of Appeals then considered Chavez' search and seizure claims in his direct appeal. The dictates of *Stone v. Powell* have thus been satisfied and denial of habeas corpus relief must be affirmed.

Upon docketing, the parties were notified that we were considering summarily affirming this appeal without oral argument. Counsel for Chavez responded with a memorandum opposing summary action. Having carefully considered this memorandum, and the files and records in this case, we are now convinced that habeas corpus relief was properly denied.

Affirmed. The mandate shall issue forthwith.