Eddie **SANDOVAL**, Petitioner-Appellant,

v.

Ralph Lee **AARON**, Respondent-Appellee.

No. 76–2190.

United States Court of Appeals,
Tenth Circuit.

Submitted June 3, 1977.

Decided June 20, 1977.

---

**14**

William W. Deaton, Jr., Federal Public Defender, David E. Booth, Asst. Federal Public Defender, Albuquerque, N. M., filed memorandum opposing summary affirmance on behalf of appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, N. M., appeared on behalf of appellee.

Before SETH, Circuit Judge, PICKETT, Senior Circuit Judge, and BARRETT, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of New Mexico denying habeas relief sought pursuant to 28 U.S.C. § 2254. We affirm for the reasons stated below.

Appellant, presently incarcerated in the New Mexico State Penitentiary, Santa Fe, New Mexico, was convicted in the District Court for the Second Judicial District, Bernadillo County, of trafficking in heroin. After exhausting available state remedies, appellant turned to the federal courts for relief, claiming that his Fourth Amendment rights were violated where probable cause was lacking for his arrest and for the search of his vehicle.

In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that where a state prisoner has been afforded a full and fair opportunity to litigate his Fourth Amendment claim, further review by way of habeas corpus in federal court is precluded.

■ Where an evidentiary hearing was held on appellant's motion to suppress, where appellant waived his right to trial by jury and his case was tried to the court on the basis of stipulated fact, and where appellant's Fourth Amendment claim was again considered on direct appeal and by the New Mexico Supreme Court, we hold that he has been afforded a full and fair opportunity to litigate his Fourth Amendment claim, and therefore, such claim may not be considered in habeas. *Stone v. Powell, supra; Chavez v. Rodriguez,* 540 F.2d 500 (10th Cir. 1976); *Redford v. Smith,* 543 F.2d 726 (10th Cir. 1976).

However, appellant argues that he did not receive a full and fair opportunity to litigate his Fourth Amendment claim where his motion for disclosure of the informant's identity was denied, where the determination of the informant's reliability was crucial to a finding of probable cause, and where the trial court had held an *in camera* hearing without presence of appellant or his counsel in order to determine whether disclosure of the informant's identity was necessary.

■ Insofar as this claim may be characterized as claiming a violation of appellant's Sixth Amendment right, we hold that no violation has taken place where appellant

sought disclosure for purposes of challenging the informant's reliability and the existence of probable cause, and where the trial court in its discretion held the *in camera* hearing and determined that disclosure was not necessary for this purpose. *See McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), rehearing denied 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616; *United States v. Waters,* 461 F.2d 248 (10th Cir. 1972), cert. denied 409 U.S. 880, 93 S.Ct. 207, 34 L.Ed.2d 134; *United States v. Anderson,* 509 F.2d 724 (9th Cir. 1975), cert. denied 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840. *See* also *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), where the informer participated in the transactions charged.

Insofar as this claim may be characterized as "part and parcel" of the Fourth Amendment claim, the determination must be made as to whether, in the absence of disclosure of the informant's identity or of a hearing in the presence of appellant and his counsel, a full and fair opportunity to litigate his Fourth Amendment claim has been afforded appellant.

We hold that where the determination regarding disclosure was made in accordance with state law, where the procedure did not violate either the Sixth or Fourteenth Amendments, and therefore where appellant had no absolute right to disclosure of the informant's identity, the determination of non-disclosure at an *in camera* hearing does not alter our conclusion that a full and fair opportunity had been afforded appellant to litigate his Fourth Amendment claim.

Other claims raised by appellant are without merit.

When this case was docketed the parties were informed that the appeal would be decided on the basis of the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Only appellant has done so. We have thoroughly reviewed the files and records in this case and are convinced that the district court correctly denied relief. Accordingly the judgment of the district court is affirmed.

The mandate shall issue forthwith.