**Jimmy Dean SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–171.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Jimmy Dean Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–1787, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was fixed at a term of twenty-five (25) years' imprisonment, and from said judgment and sentence an appeal has been perfected to this Court.

At the trial, J. W. Chappell testified that he operated the Carousel Laundromat at 2700 Agnew, Oklahoma City, Oklahoma;

that he was out of town on May 17, 1975 on a fishing trip, but returned the following evening. He went to the laundromat and found that the air conditioner on the roof had been broken into and that the ceiling tiles inside the building were damaged. Small change and stamps were missing from a room in the back of the laundry.

William Epperson, a security officer for a security patrol, testified that on May 16, 1975, at approximately 1:25 a. m., he checked the Carousel Laundromat. He heard a noise on the roof by the large air conditioner. He heard someone come through the ceiling and go into the back room. He went outside and called for assistance. He saw a subject on the roof and yelled at him and the subject went back out of his sight. He continued to watch that side of the building until he was notified that the subject had been placed under arrest. He identified defendant as the person he saw in custody of the police.

Officer Gladys H. Burns testified that in the early morning hours of May 17th, she responded to a burglary call. She entered the laundromat with Mr. Epperson and heard movement in the locked back room. She went outside and called for additional assistance. Several other officers arrived and proceeded onto the roof top. She identified defendant as the subject apprehended by the officers on the roof. She found a tire iron, two screw drivers and a pair of metal cutters in the back room of the laundromat. Defendant was wearing gloves and had $4.95 in small change and two books of stamps on his person.

Detective Steve Pacheco testified that he had a conversation with defendant on May 17, 1975. Defendant was advised of his Miranda rights and acknowledged that he understood the same. Defendant stated that he was in "bad need of a fix" and broke into the laundry to obtain money.

Defendant did not testify, nor was any evidence offered in his behalf.

Defendant asserts, as the sole assignment of error, that the trial court erred in the manner in which it instructed the jury during the second stage of the proceedings.

Defendant argues that even though defendant stipulated that he was one and the same person who was formerly convicted of the previous offenses, that the trial court should have instructed the jury that they must find beyond a reasonable doubt that the defendant was that person. We disagree. In *White v. State*, Okl.Cr., 520 P.2d 368 (1974), we stated:

". . . The specific language of the stipulation constitutes an admission that this defendant is the same person who was convicted for the prior offense alleged in the Information. *Consequently, the only factual question raised for the jury's consideration is what punishment must be imposed for the offense alleged with former convictions.* Since this is the only question raised for the jury's consideration, the trial court did not err in not instructing the jury they might alternatively consider the range of punishment for the principal offense, excluding the former convictions. By the admission in the stipulation, the defendant waived his right to have the jury so instructed." [Emphasis added]

In the instant case, the parties stipulated as follows:

"It is stipulated and agreed to between the parties that a certified copy of judgment and sentence in CRF–72–883 and CRF–72–1209 are true and correct copies of judgments and sentences on file with the Court Clerk in the 7th Judicial District of Oklahoma County. That these judgments and sentences both are final. "That the Defendant was represented by Counsel and both judgments and sentences at the time they were rendered, and that the Defendant in this cause on trial before the Court today, being CRF–75–1787, is the same Defendant who pled guilty as contained in the judgment and sentences of CRF–72–883 and 1209." [Tr. 62–63]

It is readily apparent that the stipulation was sufficiently specific to constitute an admission that the defendant was the same person who was previously convicted, thus leaving the only question for the jury's

consideration, to-wit: the length of punishment.

In conclusion, we observe the record is free of any error which would cause reversal or justify modification. The judgment and sentence appealed from is, accordingly, AFFIRMED.

BRETT, J., concurs.