**Andrew J. JOHNSON, Jr., Petitioner-Appellant,**

v.

**Lenard F. MEACHAM, Warden of Wyoming State Prison, and V. Frank Mendicino, Wyoming Attorney General, Respondents-Appellees.**

No. 77–1842.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1978.

Andrew J. Johnson, Jr., pro se.

Frank Mendicino, Atty. Gen., Richard Honaker, Asst. Atty. Gen., Cheyenne, Wyo., for respondents-appellees.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

· Appellant Johnson, presently incarcerated in the Wyoming State Penitentiary, appeals from an order of the United States District Court for the District of Wyoming denying habeas relief sought pursuant to 28 U.S.C. § 2254. In affirming the district court's order, we choose to discuss only Johnson's claim of an illegal search and seizure.

Johnson asserted his claim of an illegal search and seizure on direct appeal to the Wyoming Supreme Court. *Johnson v. State,* 562 P.2d 1294 (1977). That court framed the issue as follows at 1298:

> "Although in this case no motion to suppress any of these exhibits was made prior to trial, under Rule 40(e)(1), W.R. Cr.P., nor was any objection made upon this basis to the admission of this evidence at the trial, appellant now contends that the court upon its own motion should have inquired of the witnesses and then suppressed exhibits I, III, and IV; and that the failure to do so constituted plain error . . . ."

In determining not to reach the merits of Johnson's Fourth Amendment claim, the Wyoming Supreme Court followed the general rule that ordinarily a claim of an illegal search and seizure cannot be heard on appeal if there was neither a motion to suppress nor an objection to introduction of the evidence at the trial, and stated at 1298:

> "The rule requiring objection at trial is not lightly to be set aside and thus permit a defendant to let in evidence at trial as a hedge to insure reversal on an appeal."

In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that habeas review of a Fourth Amendment claim is barred where the state has afforded the defendant a full and fair opportunity to litigate that claim. Thus the question presented is whether Johnson had a "full and fair opportunity" to litigate his claim where the Wyoming Supreme Court refused to review that claim due to his failure to make a timely motion to suppress or a timely objection at trial. This court's opinions in *Chavez v. Rodriguez,* 540 F.2d 500 (10th Cir. 1976); *Redford v. Smith,* 543 F.2d 726 (10th Cir. 1976); and *Sandoval v. Aaron,* 562 F.2d 13 (10th Cir. 1977) do not amplify the meaning of "full and fair opportunity."

However, *O'Berry v. Wainwright,* 546 F.2d 1204, 1216–1218 (5th Cir. 1977), cert. denied, contains a full discussion of this question, the reasoning of which we adopt. That court concluded at 1212 that *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct.

745, 7 L.Ed.2d 770 (1963) is not the sole appropriate test for determining what "full and fair" consideration means. That court noted that the issue had been exhaustively argued before the state appellate court and that O'Berry made no claim of ineffective assistance of counsel in that regard. Therefore, the court held at 1216 that:

"The *Stone* 'opportunity for full and fair consideration' requirement is satisfied where the state court is squarely faced with petitioner's Fourth Amendment claim, but chooses to resolve that claim on an independent, adequate, non-federal state ground, at least where the state ground does not unduly burden federal rights."

Therefore we hold that where Johnson presented his Fourth Amendment claim to the Wyoming Supreme Court, where the Wyoming Supreme Court applied an adequate procedural ground in refusing to reach the merits of that claim, and where Johnson's claim of ineffective assistance of counsel is not related to this issue, habeas review of the Fourth Amendment claim is barred.

■ In connection therewith, Johnson's failure to make a motion to suppress or timely objection at trial amounted to an independent adequate state procedural ground which precludes habeas review. See *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), failure to make a timely objection to the makeup of a grand jury; *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), failure to make a contemporaneous objection to the admission of a confession at trial. In view of the Supreme Court's extensive discussion in *Wainwright v. Sykes, supra,* its rejection of the sweeping language of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), which had established the "knowing waiver" or "deliberate bypass" rule, and its detailed reasons for requiring federal courts to recognize state procedural rules, we believe that *Sykes* is applicable to the failure to move to suppress or object to evidence allegedly obtained in violation of the Fourth Amendment in the present action. See also, *Wainwright v. Sykes, supra,* at 2506, n.11; and *O'Berry v. Wainwright, supra,* at 1213, n.14.

When this case was docketed in this court the parties were notified that the appeal would be decided on the original record without oral argument. The parties were invited to submit memoranda in support of their respective positions. Both parties have done so. We have thoroughly reviewed the files and records in this case and are convinced that the order of the United States District Court for the District of Wyoming should be affirmed.

Judgment affirmed.