Steven Charles **SANDERS**, Appellant,

v.

Kenneth **OLIVER** and Kansas Attorney General, Appellees.

No. 78–1861.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 12, 1979.

Decided Dec. 20, 1979.

Rehearing Denied April 9, 1980.

John C. Humpage of Humpage, Berger & Hoffman, Topeka, Kan. (John M. Redmon, Topeka, Kan., with him on the brief), for appellant.

Thomas D. Haney, Deputy Atty. Gen., Topeka, Kan. (Robert T. Stephan, Atty. Gen., Topeka, Kan., with him on the brief), for appellees.

Before SETH, Chief Judge, McKAY, Circuit Judge, and BRIMMER, District Judge.*

SETH, Chief Judge.

This is an appeal by the defendant below after denial of his petition for habeas corpus. The basic issue presented is whether petitioner was afforded full and fair litigation of his fourth amendment claims in state court so that a hearing on federal habeas corpus relief is not available. *See Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067. This case has a long procedural background with review at various stages by both state and federal courts. The defendant Sanders was convicted in Kansas state district court of possession of marijuana with intent to sell.

At a preliminary hearing in the Magistrate Court of Wyandotte County, Kansas, the defendant moved to suppress evidence seized because of misstatements in the affidavit supporting the search warrant. The affidavit states:

"AFFIDAVIT FOR SEARCH WARRANT

"Before Cordell D. Meeks, Judge of the District Court, Wyandotte County Courthouse, Kansas City, Kansas:

"The undersigned being duly sworn deposes and says:

"That he has reason to believe that on the premises known as 35 South 15th Street (upstairs apt.) in the Wyandotte District of Kansas, there is now being concealed certain property, namely Cannabis Sativa L. (commonly known as Marijuana), Cocaine, and Heroin which are illegal for possession by the Uniform Controlled Substance Act, K.S.A. 65–4105.

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: The as-

* Of the United States District Court for the District of Wyoming, sitting by designation.

signing officer swears and affirms that he has information from a confidential informant, who he has known for several months who has given him information in the past that has proven to be correct, that at the above address is secreted Heroin and Cocaine in one ounce lots and Marijuana in one pound lots. The confidential informant states that this is the residence of Steve Sanders, and he has purchased the above-mentioned items within the last 24 hours.

/s/ Jack L. Hartman

Special Agent, A.G. Office"

The affiant, special agent Hartman, testified at the magistrate court hearing and was examined thoroughly by the defendant's attorney. The testimony of Hartman showed that the affidavit was indeed incorrect in several particulars. Hartman stated that he had known the informant (Mickey Harris) for several weeks and not, as stated in the affidavit, for several months. He also stated that hardly any of the informant's "leads" had "proven out" as of the time of issuance of the affidavit. However, it did appear that the informant had purchased controlled substances from the defendant within twenty-four hours before the affidavit was issued. The magistrate judge, after considering all the evidence that defendant's counsel wished to present, found that the affidavit established sufficient probable cause for issuance of the search warrant. The "no attack" rule was not considered or invoked. The ruling was on the contents of the affidavit after the admitted errors were considered.

Petitioner filed a pretrial motion to suppress in the state district court. A hearing was held on April 3 on the motion, at which a copy of the affiant's transcribed testimony was presented to the court. The state trial judge during this pretrial motion hearing considered the errors in the affidavit as advanced by defendant. The judge said of them in part:

"Well, all right. Let it be in the record; I really have an opinion as to the basis of even the representation that you have made to me, Mr. Humpage, that a judge is required to make some sort of a ruling,

an independent ruling based upon the information presented to him. And I believe that if I had been in Judge Meeks' shoes and the same affidavit had been presented to me, that I would have found probable cause for issuing a warrant. "And, even with these facts, which you have stated to me were brought out in the record below, I'm not going to overrule the motion—the warrant or the search on these grounds. I could be wrong but—"

The motion to suppress was denied; the state district court indicated that "even with these facts" brought out in Hartman's testimony, the affidavit was sufficient. The parties had stipulated that the defendant at the hearing before the state district court had witnesses available to testify concerning the contents of the affidavit, but the trial court would not hear them.

After petitioner's trial on stipulated facts and conviction, a motion for a new trial based on alleged error in failing to suppress the evidence and failing to admit the testimony of the witnesses was denied. Appeal was then taken to the Kansas Supreme Court. Again, the affidavit was found to be sufficient on its face. *State v. Sanders*, 222 Kan. 189, 563 P.2d 461. After considering the facts the court also reaffirmed its own earlier holdings that one against whom a search warrant is directed may not challenge the affidavit supporting the warrant. *State v. Wheeler*, 215 Kan. 94, 523 P.2d 722; *State v. Lamb*, 209 Kan. 453, 497 P.2d 275. This "no attack" rule was the standard followed in Kansas before *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. The Kansas Supreme Court had noted that the "no attack" rule had never been invoked against the defendant anyway. The state district court was found to have fully considered the sufficiency of the affidavit. A subsequent motion for rehearing was denied by the Kansas Supreme Court. Certiorari to the United States Supreme Court was denied, as was a rehearing.

The petition for habeas corpus relief now before us was then filed in United States

District Court for the District of Kansas, asserting again the affidavit was inaccurate and insufficient to support the warrant allowing the search and seizure of evidence. The court addressed primarily the issue of whether petitioner was granted full and fair litigation of his fourth amendment claim so that *Stone v. Powell* precludes hearing of petitioner's habeas corpus claim. The trial judge concluded that the petition for habeas corpus relief should be denied. The court did hold a hearing, however, for purposes of reconsidering its ruling in light of the recent decision of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 and in light of petitioner's claim that not all of the proceedings from state court were recorded in transcripts available to the court. As mentioned, the court found that regardless of *Franks* its judgment should stand since the "no attack" rule of Kansas, rendered defunct by *Franks*, was never applied. A certificate of probable cause for appeal to this court was issued. We agree with the United States District Court that the Kansas "no attack" rule was not applied by the state courts, and that factor is not an element in this appeal.

■ The state district court and Kansas Supreme Court both found that the information remaining after inaccuracies admitted by the affiant were excised was sufficient.

> "While the affidavit is not drawn with grammatical skill, it is sufficient on its face. It describes the premises and subject property of the search with certainty and identifies defendant as being the resident. The critical information is hearsay obtained from an unnamed informant; however, reliability is shown by the statement that previous information received proved to be correct and more importantly the affidavit states that informant had purchased illegal drugs within the previous 24-hour period. The last statement is an admission by the informant against his criminal interest." *State v. Sanders*, 222 Kan. 189, 191, 563 P.2d 461, 464.

The controlling issue in this case, however, is whether the petitioner was afforded a full and fair hearing of his fourth amendment claims in state court. Under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, we may not entertain a federal habeas corpus petition if petitioner has been afforded the "opportunity for full and fair litigation of [his] Fourth Amendment claims."

As this court noted in *Gamble v. State of Okl.*, 583 F.2d 1161 (10th Cir.), the *Stone* decision failed to provide an explanation of the "full and fair litigation" standard. The only hint to the meaning of the standard is the Court's reference to *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. *Townsend*, of course, sets out the rules for when a federal hearing in habeas corpus is mandatory.

We have considered *Stone* in several other cases including *Johnson v. Meacham*, 570 F.2d 918 (10th Cir.); *Sandoval v. Aaron*, 562 F.2d 13 (10th Cir.); *Redford v. Smith*, 543 F.2d 726 (10th Cir.); and *Chavez v. Rodriguez*, 540 F.2d 500 (10th Cir.). When we consider the facts before us under the general standards stated in these cited cases, it is apparent that the only variation is that the initial and only evidentiary hearing was before the magistrate court, and that no further development of the facts was thereafter permitted.

The defendant does not challenge the jurisdiction or propriety of the determination by the magistrate court, nor does he assert that the court was not qualified under Kansas law or practice to make the determination that it did.

■ We held in *Gamble* that the "full and fair evidentiary hearing" standard of *Townsend* is not the "sole measure" of the *Stone* requirement of "opportunity for full and fair litigation." *Johnson v. Meacham*, 570 F.2d 918 (10th Cir.); *Mack v. Cupp*, 564 F.2d 898, 900–01 (9th Cir.); *Graves v. Estelle*, 556 F.2d 743, 746 (5th Cir.); *O'Berry v. Wainwright*, 546 F.2d 1204, 1211–12 (5th Cir.); *see United States ex rel. Petillo v. State of N. J.*, 562 F.2d 903, 906–7 (3d Cir.). In *Gamble*, we focused on the "opportunity" aspect of *Stone*:

"Our prior decisions applying *Stone* are based primarily on this procedural 'opportunity' aspect of the *Stone* standard. E. g., *McDaniel v. Oklahoma*, 582 F.2d 1242 (10th Cir. 1978); *Johnson v. Meacham*, 570 F.2d at 920; *Sandoval v. Aaron*, 562 F.2d 13, 14 (10th Cir. 1977) (per curiam); *Redford v. Smith*, 543 F.2d 726, 731 (10th Cir. 1976)."

"Opportunity" includes procedural opportunity to raise a claim, and it includes a full and fair hearing. In the case at bar the petitioner was afforded a full opportunity to raise his claim at an evidentiary hearing on his first motion to suppress. He raised the issue at every court level thereafter, but again the only evidentiary hearing held was in the magistrate court. In state trial court, no new evidence was admitted. Only the testimony of the affiant, given in the preliminary hearing in magistrate court, was reviewed in the subsequent state proceedings.

The fact pattern before us can be compared to *United States ex rel. Petillo v. State of N. J.*, 562 F.2d 903 (3rd Cir.), the case relied upon heavily by the lower court below, and *Albanese v. Yeager*, a case that had been consolidated with *Petillo*. In *Petillo*, a search warrant was upheld in state court despite a showing by defendant that the telephone number used by the informant to place bets with the defendant had been disconnected. The court there also used the "no attack rule," but nonetheless found that even with the false material excised, the affidavit was sufficient. The Third Circuit, in reviewing a habeas corpus appeal, found that the "no attack" rule did not operate to prejudice the defendant since he was afforded the "opportunity for full and fair litigation" contemplated by *Stone*. The facts of the *Petillo* case differ in one important respect, however. There, the court found that the defendant was not basing his claim on a denial of the opportunity to litigate, but rather on "the routine credibility determination" made by the trial judge regarding the truth of factual assertions in the affidavit. Here, petitioner is arguing that the *refusal* by the trial court to hear testimony concerning factual assertions in the affidavit denied him an opportunity for full and fair litigation.

■ We must hold that the evidentiary hearing on the motion to suppress before the Kansas Magistrate Court which preceded the preliminary hearing was full and unrestricted, and within the "full and fair" requirement of *Stone*. This hearing included a complete examination of the affiant by defendant with several redirect examinations. This takes up some sixty pages of the transcript. The warrant was the principal issue in the criminal proceedings and the only one of substance. The defendant thereafter went to trial on stipulated facts. We do not consider the subsequent refusal by the state district court, in the course of the hearing on pretrial motion to suppress filed with it, to hear witnesses renders the proceedings as to the search less than full and fair. The indication is clear, as revealed by the quotation herein, that the state district court considered the facts to have been sufficiently developed. One complete and unrestricted evidentiary hearing with subsequent review by the state courts of the issue and the facts so developed would seem to be sufficient under *Stone*.

AFFIRMED.

McKAY, Circuit Judge, concurring:

A determination of whether Sanders was afforded "an opportunity for full and fair litigation of [his] Fourth Amendment claim," *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), is rendered unnecessary by the finding that sufficient truthful or good-faith allegations remain in the affidavit to support a finding of probable cause. In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.* at 171–72, 98 S.Ct. at 2685.