982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy Ray DOLPH, Petitioner-Appellant,
v.
James L. SAFFLE, Warden, Respondent-Appellee.
 No. 92-6284.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1992.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Billy Ray Dolph (Dolph), appearing pro se, appeals from the district court's Order which accepts the Findings and Recommendation of the United States Magistrate Judge and dismisses his habeas corpus petition brought pursuant to 28 U.S.C. § 2254.
 
 
 3
 Dolph filed objections to the Magistrate Judge's Findings and Recommendation. He also filed a Motion to Quash and Dismiss, arguing that he had been prejudiced by the Respondent's failure to provide him a copy of an affidavit which the Magistrate referenced in his Findings and Recommendation. The court permitted Dolph to supplement his objections following his receipt and review of the affidavit. Thereafter, the district court entered its Order dismissing the action.
 
 
 4
 On appeal, Dolph asserts the following grounds for habeas relief: (1) he was denied his Fourth Amendment right to be free from illegal search and seizure; (2) the trial court erroneously accepted a guilty plea (by stipulation) to prior felonies, without Dolph's knowledge and consent; (3) the state failed to meet its burden of proof on prior felonies used for enhancement of punishment; (4) the Double Jeopardy Clause prohibits Dolph's resentencing if the state failed to provide sufficient evidence of prior felonies; (5) the trial court erred in failing to provide the jury with separate verdict forms for each alleged prior felony; and (6) Dolph was denied his Sixth Amendment right to effective assistance of counsel.
 
 
 5
 We agree with the district court that federal habeas review of the Fourth Amendment claim asserted in ground one is foreclosed; Dolph is procedurally barred from asserting grounds two, three and five;[1] and, Dolph fails to demonstrate that his right to effective assistance of counsel was violated as asserted in ground six.
 
 
 6
 We AFFIRM the district court's Order adopting the Findings and Recommendation of the United States Magistrate Judge, and we dismiss this habeas petition substantially for the reasons set forth in the Magistrate's Recommendation, dated January 31, 1992, and the district court's Order, dated August 10, 1992, copies of which are attached hereto.
 
 
 7
 AFFIRMED.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 9
 BILLY RAY DOLPH, Petitioner,
 
 
 10
 vs.
 
 
 11
 JAMES SAFFLE, Warden, Respondent.
 
 No. CIV-91-1680-W
 ORDER
 
 12
 On January 31, 1992, United States Magistrate Judge Ronald L. Howland issued his findings in this matter and recommended that the writ of habeas corpus sought by petitioner Billy Ray Dolph not issue and that this action be dismissed. He further recommended that because an appeal from this decision would not be well taken that any request for a certificate of probable cause or for leave to proceed in forma pauperis be denied.
 
 
 13
 The petitioner not only filed objections to the Magistrate Judge's Findings and Recommendation but also filed a Motion to Quash and Dismiss wherein he argued that he had been prejudiced by the respondent's failure to serve him with a copy of the affidavit of trial counsel, John Pugh. Because the Magistrate Judge referred to the affidavit in his Findings and Recommendation, the Court determined that the petitioner should be permitted to receive and review a copy of the affidavit and to supplement his objections, if he so desired, after such review.
 
 
 14
 The petitioner did supplement his earlier objections and the Court directed the respondent to respond to these objections, as supplemented. Having now received these submissions as well as petitioner's reply filed on June 17, 1992, and having reviewed the entire record, the Court finds
 
 
 15
 (1) that federal habeas review of the petitioner's claim under the fourth amendment to the United States Constitution as asserted in Ground One of his Petition for Writ of Habeas Corpus is foreclosed;
 
 
 16
 (2) that the petitioner is procedurally barred under Coleman v. Thompson, 59 U.S.L.W. 4789 (June 24, 1991), from asserting Grounds Two, Three and Five[1] in this action; and
 
 
 17
 (3) that the petitioner has failed under Strickland v. Washington, 466 U.S. 668 (1984), to demonstrate that he was denied effective assistance of counsel in violation of the sixth amendment to the United States Constitution by Mr. Pugh's decision to enter into certain stipulations.
 
 
 18
 Accordingly, the Court ADOPTS the Magistrate Judge's Findings and Recommendation issued on January 31, 1992, DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action. The Court concurs with the Magistrate Judge's recommendation that an appeal from this decision would not be well taken and thus, DECLINES to issue a certificate of probable cause and DENIES the petitioner leave to proceed on appeal in forma pauperis.
 
 
 19
 ENTERED this 10th day of August, 1992.
 
 
 20
 /s/ LEE R. WEST
 
 
 21
 /s/ UNITED STATES DISTRICT JUDGE
 
 
 22
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 23
 BILLY RAY DOLPH, Petitioner,
 
 
 24
 v.
 
 
 25
 JAMES SAFFLE, Warden, Respondent.
 
 CIV-91-1680-W
 
 26
 Jan. 31, 1992.
 
 
 27
 FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 28
 This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The Petitioner, an Oklahoma prisoner who appears pro se, challenges his custody under a judgment of conviction entered on April 24, 1986, in the Oklahoma County District Court in Case No. CRF-85-2609 for the offense of Possession of a Controlled Dangerous Substance (methamphetamine) After Former Conviction of Two or More Felonies. Petitioner was found guilty following a jury trial, and he was sentenced to a term of life imprisonment. The conviction was affirmed on appeal. Dolph v. State, No. F-86-742 (Okl.Cr.1990). An application for post-conviction relief, filed by Petitioner in the district court on February 27, 1991, was denied, and the denial was affirmed on appeal. Dolph v. State, No. PC-91-364 (Okl.Cr.1991).
 
 
 29
 The petition has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) for the purpose of submitting findings and a recommendation for the proper resolution of the case. The Respondent has filed a response to the petition along with the relevant state court records. Petitioner has filed a "traverse." Respondent has moved to supplement the response with the affidavit of Petitioner's trial counsel, Mr. John Pugh, and the motion to supplement is granted.
 
 
 30
 The petition asserts the following grounds for habeas relief:
 
 
 31
 One: "Petitioner was denied his Fourth Amendment right to be free from illegal arrest, and search and seizure."
 
 
 32
 Two: "The trial court erroneously accepted guilty plea (by stipulation) to prior felonies without the knowledge and consent of Petitioner."
 
 
 33
 Three: "The state failed to meet its burden of proof on the prior felonies for enhancement of punishment."
 
 
 34
 Four: "The Double Jeopardy Clause would prohibit the resentencing of Petitioner if the State failed to provide sufficient eviddence (sic) of prior felonies at first trial."
 
 
 35
 Five: "The trial court erred in failing to provide the jury with seperate (sic) verdict forms for each alleged prior felony."
 
 
 36
 Six: "Petitioner was denied his Sixth Amendment right to effective assistance of counsel."
 
 
 37
 Petitioner asserts that he raised the issues in Grounds One, Two, Three, and Six on direct appeal, and that he also raised the issues in Grounds One through Three, Five, and Six in his post-conviction application. Petitioner contends in his "traverse" that Ground Four is merely a request for particular relief and is "not a proposition of error ..."
 
 
 38
 The record shows that on appeal Petitioner asserted as propositions that (1) the trial court erred in refusing to suppress evidence seized in violation of Dolph's constitutional right to be free from unreasonable search and seizure, (2) there was insufficient evidence to convict Dolph of the offense of possession of a controlled dangerous substance, (3) prosecutorial misconduct on cross-examination deprived Dolph of a fair trial, and (4) Dolph was denied effective assistance of counsel.
 
 
 39
 In his post-conviction application, the record shows that Petitioner asserted as grounds for relief (1) trial court error in failing to grant his motion to suppress evidence seized in violation of the Fourth Amendment, (2) trial court error during sentencing where his defense attorney entered a stipulation as to prior convictions over Defendant's objection, (3) the state failed to meet its burden of proof of prior felonies to enhance punishment, (4) double jeopardy prevents resentencing where the state failed to prove prior convictions for enhancement of sentence, (5) trial court error in failing to provide verdict forms for each prior felony conviction, (6) denial of effective assistance of counsel, (7) trial court error in denying Defendant's demurrer to the state's evidence, and (8) prosecutorial misconduct on cross-examination.
 
 
 40
 Thus, the record shows Petitioner has exhausted his state court remedies as to the issues he raises in this habeas petition. Federal habeas review of a Fourth Amendment claim is not available where the petitioner was afforded full and fair litigation of the issue in state court. Stone v. Powell, 428 U.S. 465 (1976); Sanders v. Oliver, 611 F.2d 804 (10th Cir.1979), cert. denied, 449 U.S. 827 (1980); Chavez v. Rodriguez, 540 F.2d 500 (10th Cir.1976). The record shows that at trial defense counsel moved to suppress the evidence seized at the time of Petitioner's arrest, on the ground that the evidence was obtained pursuant to an illegal search and seizure. A hearing was conducted outside of the hearing of the jury, and the motion to suppress was overruled. Petitioner presented the same argument on appeal. The merits of the issue were addressed by the Oklahoma Court of Criminal Appeals in its opinion entered in Dolph v. State, No. F-86-742 (Okl.Cr.1990). Like the petitioner in Sanders v. Oliver, supra, the petitioner was given "[o]ne complete and unrestricted evidentiary hearing with subsequent review by the state courts of the issue and the facts so developed would seem to be sufficient under Stone." Sanders v. Oliver, supra at 808. Therefore, federal habeas review of the Fourth Amendment claim asserted in Ground One is foreclosed.
 
 
 41
 Grounds Two, Three, and Five of the instant petition assert issues of trial court error and insufficiency of the evidence that were not raised on direct appeal. The issues were raised in the Petitioner's post-conviction application, but the state courts refused to review all of the issues presented in the post-conviction application, employing procedural rules barring post-conviction review of claims which have been or were not raised on direct appeal. The appellate court cited Grimes v. State, 512 P.2d 231, 233 (Okl.Cr.1973) (barring post-conviction review on res judicata grounds of claims that were raised and addressed on direct appeal) and Maines v. State, 597 P.2d 744, 776 (Okl.Cr.1979) (barring post-conviction review of claims that were not raised on direct appeal).[2] The state courts invocation of state law that is "independent of federal law" to preclude review of these issues also precludes federal habeas review of the defaulted claims unless Petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or a miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991).
 
 
 42
 Petitioner does not allege cause for his defaults on appeal or any prejudice resulting from the alleged violations, and the record creates no such inference. Petitioner does not rely on the miscarriage of justice exception to the cause and prejudice requirement. Accordingly, habeas review of the claims asserted in Grounds Two, Three, and Five of the Petition is foreclosed due to Petitioner's procedural default of these claims.
 
 
 43
 Petitioner's final claim is an allegation of constitutionally ineffective assistance of counsel. The claim relates to his trial counsel's actual performance at trial and is based on one alleged error by counsel. Petitioner contends that his counsel should not have stipulated to the Petitioner's prior felony convictions without his knowledge and consent, and that "counsel's actions took from petitioner his right to enter his plea of choice." Petition, at 10(a).
 
 
 44
 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court recognized that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. The standard established in Strickland for the judicial review of claims of ineffective assistance of counsel is two-pronged. Under this standard, reversal of a conviction on the ground of ineffective assistance of counsel requires proof that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. In assessing the reasonableness of counsel's conduct, the reviewing court must apply a strong presumption that, under the circumstances, counsel's conduct is within the range of reasonable professional assistance. Id. at 689. Attorney performance is also to be assessed considering only counsel's perspective at the time of the proceeding. Id.
 
 
 45
 Because Petitioner was charged as an habitual offender, Petitioner's trial was conducted in two stages, with the jury considering only the guilt or innocence issue in the first stage. Upon a finding of guilt, the jury then considered the issue of punishment in the second stage. See Okla.Stat., tit. 22, § 860 (West 1981). Evidence of prior felony convictions used to support enhanced punishment is normally presented in the second stage of the trial. Id. Under Oklahoma law, the prosecution establishes prima facie evidence of identity of the defendant by introducing certified copies of judgments and sentences showing that a person with the identical name as the defendant's has previously been convicted of a felony. E.g., Fogle v. Oklahoma, 700 P.2d 208, 212 (Okl.Cr.1985). The trial transcript reflects the following statements were made by the prosecutor, the trial judge, and Petitioner's counsel at the beginning of the second stage punishment proceeding:
 
 
 46
 MR. WINTORY: Your Honor, I've spoken with Mr. Pugh. We have certified Judgments and Sentences but I understand that we have a stipulation that the Defendant is the one and same Billy Ray Dolph who was convicted of the former felony convictions that are alleged in the second page of the Information.
 
 
 47
 THE COURT: You so stipulate, Mr. Pugh?
 
 
 48
 MR. PUGH: So stipulate.
 
 
 49
 THE COURT: All right, sir.
 
 
 50
 MR. WINTORY: With that, Your Honor, the State rests.
 
 
 51
 THE COURT: All right.
 
 
 52
 State v. Dolph, CRF-85-2609, Transcript of Trial Proceedings, at 50-51.
 
 
 53
 Following trial, Petitioner presented a motion for new trial. Petitioner argued the motion pro se, and the following colloquy ensued regarding the sentencing proceeding:
 
 
 54
 THE COURT: Now, you're also alleging, number eight here, about the fact that you didn't know about the enhancement allegations. Were you not advised that there was a page two filed?
 
 
 55
 DEFENDANT: I was advised that there was a page two filed. When Mr. Wintory tells the jury, I believe defense counsel, Defendant's counsel, will agree talking about one and the same man. He stipulated to it; i didn't.
 
 
 56
 MR. PUGH: I didn't stipulate to it, Billy. All I did was I was looking at you and you apparently think that I nodded, but I don't think the record's going to reflect that and I wasn't doing that. I was looking at you, you were trying to talk to me.
 
 
 57
 DEFENDANT: Well, had you not--it's my understanding had you not, then they would have had Court Reporter or something from these cases from Norman here to back it up.
 
 
 58
 MR. PUGH: No, don't think so.
 
 
 59
 THE COURT: Okay. Is there anything further, Mr. Dolph?
 
 
 60
 DEFENDANT: Nothing think of right now, Your Honor.
 
 
 61
 State v. Dolph, CRF-85-2609, Transcript of Trial Proceedings, at 61-62.
 
 
 62
 In Cox v. Hutto, 589 F.2d 394, 396 (8th Cir.1979), a habeas case arising out of Arkansas, the Eighth Circuit found that a stipulation by defense counsel to prior convictions amounted to a guilty plea, because it acted to waive Cox's right to have the state prove the prior offenses and his right to rebut the state's evidence. Id. Thus, the appellate court found that "the admission into evidence of the stipulation, without inquiry into Cox's knowledge and consent, amounted to constitutional error." Id. Cf. Buckley v. Butler, 825 F.2d 895, 902-903 (5th Cir.1987), cert. denied, 486 U.S. 1009 (1988) (Defendant's admission of fact that he was same person as the identically-named individual referenced in the records of prior convictions does not amount to plea of guilty where sentencing proceeding was closely related to conviction of principle offense, counsel represented he had discussed the matter with the defendant, and the records of the prior convictions were introduced in evidence). The circuit court further found that "the error in receiving the stipulation was presumptively prejudicial unless the state can show that, absent the stipulation, it possessed at the time of trial evidence establishing at least the three prior convictions necessary to support Cox's sentence." Cox v. Hutto, supra. Accord, Government of the Virgin Islands v. George, 741 F.2d 643 (3rd Cir.1984).
 
 
 63
 Under Oklahoma law, it is not error to stipulate to what the testimony would have been regarding prior felony convictions. Williams v. State, 661 P.2d 911, 913 (Okl.Cr.1983); Tucker v. State, 620 P.2d 1314, 1317 (Okl.Cr.1980). Older Oklahoma cases held that where such a stipulation is "specific" enough to constitute an admission that the defendant is the same person who was previously convicted, the only issue remaining for the jury to consider is the punishment to be imposed. Smith v. State, 568 P.2d 1319, 1320-1321 (Okl.Cr.1977); White v. State, 520 P.2d 368, 370 (Okl.Cr.1974). However, in Tucker v. State, supra, the Court of Criminal Appeals appears to have retracted its earlier position, holding that the attorney's stipulation as to identity of the Defendant does not relieve the state of its burden of proving the former felony convictions. Id.
 
 
 64
 In the affidavit prepared by the Petitioner's trial attorney, Mr. Pugh avers that he did not initially intend to stipulate to the information regarding Petitioner's prior felony convictions. He avers that when the judge asked if he was indeed stipulating to the former convictions, the trial judge misunderstood him to have responded affirmatively when he was actually talking to his client. However, Mr. Pugh avers that he did not attempt to correct the misunderstanding because he could find no error in the "page two" of the Information setting forth the Petitioner's previous convictions and also because he believed "the longer the jury spent dwelling on his prior convictions, the longer would be his sentence since most of his prior convictions were far more serious in nature and indicated a lifetime of criminal activity ..."
 
 
 65
 Mr. Pugh's tactical decision to stipulate to the testimony concerning Petitioner's identity, made after investigation of the facts, is not unreasonable under the prevailing Strickland standard, in view of the circumstances known to counsel at the time of the stipulation. On appeal, the Oklahoma Court of Criminal Appeals concluded that
 
 
 66
 [a]lthough the record reflects confusion by the trial court and defense counsel as to any stipulation concerning Appellant's identity as the same as that on the prior judgments and sentences, we do not find that Appellant was prejudiced thereby. As appellant does not attack the validity of the prior convictions or that he is the same individual named in the judgments and sentences, stipulating to them is a reasonable trial strategy which we ill not now second guess. Appellant has failed to demonstrate, that but for counsel's actions, the result of the proceedings would have been different.
 
 
 67
 Dolph v. State, No. F-86-742 (Okl.Cr.1990).
 
 
 68
 Although this Court is not bound by the state court's findings on the ineffectiveness claim, see Strickland v. Washington, supra at 698 ("both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" not subject to the deference requirement of § 2254(d)), the state court's findings accord with the evidence in the record. A defendant does not have the right to force defense counsel to present arguments counsel has professionally decided not to present. See Jones v. Barnes, 463 U.S. 745, 751-752 (1983). Moreover, Petitioner has given no reason for counsel to have refused to stipulate to the identity issue. Petitioner admitted in the hearing on his motion for new trial that he was aware of the habitual offender charge. State v. Dolph, CRF-85-2609, Transcript of Trial Proceedings, at 61. And it may be presumed that Mr. Pugh had discussed the nature of the habitual offender charge with Petitioner. Henderson v. Morgan, 426 U.S. 637, 647 (1976).
 
 
 69
 Even assuming that counsel erred in entering the stipulation on the record, the Petitioner has failed to show that the outcome of the sentencing proceeding would have been any different absent counsel's actions. The prosecutor stated that he had certified copies of judgments and sentences in the prior convictions. Thus, even assuming that the standard established in Cox v. Hutto, supra, is applicable, the prosecution possessed at the time of the trial the evidence necessary to support the enhanced sentence. Additionally, the trial court's instructions to the jury correctly set forth the state's burden of proof as to the alleged prior felony convictions, and the jury was instructed that Petitioner had entered a plea of not guilty to the habitual offender charge. The jury was further instructed that Petitioner was presumed innocent of the habitual offender charge, and that the presumption of innocence remained until guilt of the charge was shown beyond a reasonable doubt. The record also shows the jury was provided separate, alternative verdict forms for fixing punishment upon a verdict that Petitioner was guilty only of the principle offense, or was guilty of committing the principle offense after one former felony conviction, or was guilty of committing the principle offense after two or more former felony convictions. Therefore, Petitioner has failed to show that Mr. Pugh rendered constitutionally ineffective assistance at the sentencing proceeding.
 
 
 70
 Accordingly, the undersigned recommends that judgment issue denying the writ of habeas corpus and dismissing the cause of action. In view of the foregoing findings, and because an appeal from this decision would not be well taken, the undersigned further recommends that a certificate of probable cause and leave to proceed on appeal in forma pauperis be denied. By law, the parties have until February 14th, 1992, in which to file an appeal/objection. Failure to appeal may result in the entry of a final judgment in accordance with these findings and recommendation.
 
 
 71
 /s/ RONALD L. HOWLAND
 
 
 72
 /s/ UNITED STATES MAGISTRATE JUDGE
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The record reveals that Dolph considers ground four in his habeas petition as a request for particular relief and not a proposition of error
 
 
 [1]
 The record reveals that the petitioner considers Ground Four in his Petition for Writ of Habeas Corpus as a request for particular relief and not a proposition of error
 
 
 [1]
 This Court's records show that Petitioner filed a previous § 2254 petition for writ of habeas corpus challenging the same conviction. The petition was dismissed for failure to exhaust state court remedies. Dolph v. Cowley, No. CIV-87-1778-W (memorandum opinion and judgment entered February 29, 1988)
 
 
 [2]
 The state courts relied on the res judicata rule in Grimes v. State, supra, declining to review the Petitioner's post-conviction claims that (1) the trial court erred in accepting his guilty plea by stipulation to prior felony convictions without his knowledge and consent and (2) the state failed to meet its burden of proof on the prior felony convictions. The state courts found that these issues had been raised on direct appeal, although the record shows these issues were not presented or addressed on their merits on direct appeal. However, the state court would find these issues to be procedurally barred in another post-conviction proceeding, because of Petitioner's failure to assert the issues on appeal. See Coleman v. Oklahoma, 693 P.2d 4, 5 (Okl.Cr.1989) (post-conviction review is barred as to issues which have been or could have been raised on appeal). Therefore, there is a procedural default as to these issues for purposes of federal habeas "regardless of the decision of the last state court to which the petitioner actually presented his claims." Coleman v. Thompson, supra at 2557 n. 1; Harris v. Reed, 489 U.S. 255, 269-270 (1989); Teague v. Lane, 489 U.S. 288, 297-298 (1989)