FILED
United States Court of Appeals
Tenth Circuit

June 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DEANTA MARQUIS LONG,

    Defendant - Appellant.

No. 18-5015
(D.C. Nos. 4:16-CV-00141-JHP-FHM and
4:11-CR-00086-JHP-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Deanta Long requests a certificate of appealability ("COA") to appeal the

denial of his 28 U.S.C. § 2255 motion.  We deny a COA and dismiss the appeal.

**I**

Long was convicted of several cocaine and firearms charges in 2013.  He was

sentenced to 211 months' imprisonment.  We affirmed his conviction on direct

appeal.  United States v. Long, 774 F.3d 653, 656 (10th Cir. 2014).  We rejected

Long's arguments that:  (1) a search warrant affidavit failed to provide probable

cause; (2) he was entitled to a hearing under Franks v. Delaware, 438 U.S. 154

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1978); and (3) the district court erred in denying his motion to compel discovery of information regarding a confidential informant. Long, 774 F.3d at 656.

Long then filed a § 2255 motion raising four ineffective assistance of counsel claims. The district court denied relief and declined to grant a COA. Long filed a Fed. R. Civ. P. 59(e) motion, which was also denied. Long now seeks a COA from this court.

**II**

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires Long to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Long contends that his counsel was ineffective in several respects. To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

2

First, Long argues that his counsel was ineffective for failing to properly object to an in camera interview of a confidential informant who did not appear at trial. However, our court has repeatedly approved of in camera interviews of confidential informants "for purposes of challenging the informant's reliability and the existence of probable cause, and where the trial court in its discretion held the in camera hearing and determined that disclosure was not necessary for this purpose." Sandoval v. Aaron, 562 F.2d 13, 14-15 (10th Cir. 1977). And the informant's presence was not required at trial. See United States v. Moralez, 908 F.2d 565, 567 (10th Cir. 1990) ("Disclosure of an informant is not required . . . where the informant is not a participant in or a witness to the crime charged.").

Second, Long asserts that the officer who prepared a search warrant falsified his affidavit, thereby committing fraud on the court, and counsel was ineffective for failing to raise this issue. However, Long does not provide any record citations or other evidence in support of his assertion. His ineffective assistance claim therefore fails. See Hooks v. Ward, 184 F.3d 1206, 1221 (10th Cir. 1999) (if an "omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel" (quotation omitted)).

Third, Long argues his counsel was ineffective in presenting the argument that he was entitled to a Franks hearing. We agree with the district court that Long has not established prejudice for any such failing. As we explained on direct appeal, a magistrate judge found after an in camera hearing that a confidential informant did exist and provided the information contained in the affidavit. Long, 774 F.3d at 663.

3

Long does not provide any specific argument that counsel could have raised that would have resulted in a <u>Franks</u> hearing.

Finally, Long argues that counsel was ineffective for failing to object when he sought to represent himself at trial. But "[a] criminal defendant has a constitutional and a statutory right to waive his right to counsel and represent himself at trial." <u>United States v. Akers</u>, 215 F.3d 1089, 1096 (10th Cir. 2000). The record reflects that the district court ensured Long made his decision "knowingly and intelligently." <u>United States v. Turner</u>, 287 F.3d 980, 983 (10th Cir. 2002). We thus conclude Long has not shown prejudice.

### III

We **DENY** a COA and **DISMISS** the appeal. Long's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4